CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600 / Fax: (516) 767-3605
Eugene J. O'Connor (EO-9925)
Timothy Semenoro (TS-6847)
Andrew J. Warner (AW-5534)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ADM SHIPPING CO.,

                              Plaintiff,

               v.

INDUSTRIAL CARRIERS, INC.,
WEAVER INVESTMENTS INC., and
ITRO CORPORATION,

                             Defendants.
------------------------------------------------------------X

08 CV

VERIFIED COMPLAINT

       Plaintiff ADM SHIPPING CO. (hereinafter "ADM") by its attorneys, as and for its Verified Complaint against the defendants INDUSTRIAL CARRIERS, INC. (hereinafter "INDUSTRIAL CARRIERS"), WEAVER INVESTMENTS INC. (hereinafter "WEAVER"), ITRO CORPORATION (hereinafter "ITRO") alleges upon information and belief as follows:

## JURISDICTION

       1.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333.

       2.      The Court also has jurisdiction pursuant to 9 U.S.C. § 1, et seq. and 9 U.S.C. § 201, et seq.

## THE PARTIES

3.     At all times material hereto, plaintiff ADM was and still is a business entity duly organized and existing pursuant to the laws of one of the states of the United States with an office and principal place of business in Decatur, Illinois.

4.     The plaintiff ADM is a charterer of the ocean-going vessel M/V PANAMAX SUCCESS.

5.     At all times material hereto, defendant INDUSTRIAL CARRIERS was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country with a registered office in the Marshall Islands.

6.     The defendant INDUSTRIAL CARRIERS is owner, or disponent owner, of the ocean-going vessel M/V PANAMAX SUCCESS.

7.     At all times material hereto, defendant WEAVER was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country with an office in a foreign country.

8.     The defendant WEAVER is an alter-ego of INDUSTRIAL CARRIERS as pled in further detail herein.

9.     At all times material hereto, defendant ITRO was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country with an office in a foreign country.

10.    The defendant ITRO is an alter-ego of INDUSTRIAL CARRIERS as pled in further detail herein.

## AS A FIRST CAUSE OF ACTION FOR
## BREACH OF THE MARITIME CONTRACT

11. On or about June 17, 2008, ADM, as charterer, and INDUSTRIAL CARRIERS, as owner or disponent owner, entered into a charter party contract for use of the MV PANAMAX SUCCESS.

12. The charter party between ADM and INDUSTRIAL CARRIERS consists of a final fixture recap which incorporates by reference terms of head charter party dated August 23, 2007 made out on a NYPE form and collectively is a maritime contract (hereinafter "the maritime contract").

13. The maritime contract provided that, among other things, hire was to be paid for the use of the vessel, charterers were to supply marine fuel oil to the subject vessel, and that any and all disputes arising from this maritime contract are to be governed by English law and subject to arbitration in London.

14. In accordance with the terms of the maritime contract, the vessel was provided to ADM, the vessel transported cargo, marine fuel oil was supplied by ADM, hire was earned, hire was paid, and ADM was due credits.

15. At the conclusion of the maritime contract, the total of hire payments made by ADM exceeded the amount due to INDUSTRIAL CARRIERS in the amount of US $926,051.20.

16. This overpaid balance of hire has been duly demanded by ADM and admitted by INDUSTRIAL CARRIERS.

17. Even so, in breach of the maritime contract, INDUSTRIAL CARRIERS has failed to remit the overpaid balance of hire.

18. By virtue of INDUSTRIAL CARRIERS' breach of the maritime contract, ADM suffered damages in the amount of US $926,051.20, not including awardable interest, costs and fees.

SECOND CAUSE OF ACTION
THAT THE DEFENDANTS WEAVER AND ITRO ARE LIABLE FOR
THE BREACH OF MARITIME CONTRACT
<u>AS ALTER-EGOS OF DEFENDANT INDUSTRIAL CARRIERS</u>

19. Plaintiff repeats, reiterates and realleges paragraphs 1 through 18 with the same force and effect as if fully set forth herein.

20. Plaintiff alleges, upon information and belief, that defendants WEAVER and ITRO are liable as the alter egos of defendant INDUSTRIAL CARRIERS.

21. At all material times, there existed such unity of ownership and interest between defendant INDUSTRIAL CARRIERS and defendant WEAVER that no separation existed between them, and the corporate form of defendants WEAVER and ITRO has been disregarded such that defendant INDUSTRIAL CARRIERS primarily transacted the business of defendants WEAVER and ITRO, and, therefore, they are the alter-egos of each other, or vice versa.

22. At all material times, defendant INDUSTRIAL CARRIERS and defendants WEAVER and ITRO have or had overlapping ownership, management, personnel and purposes such that defendants INDUSTRIAL CARRIERS, WEAVER and ITRO did not and do not operate at arms length.

23. Upon information and belief, defendants INDUSTRIAL CARRIERS, WEAVER and ITRO have had common addresses and common contact information such that the defendant WEAVER has or had no independent corporate identity from the defendant INDUSTRIAL CARRIERS.

24. At all material times, there has been an intermingling of funds between defendants INDUSTRIAL CARRIERS, WEAVER and ITRO.

25. In particular and with respect to the chartered use of the MV PANAMAX SUCCESS, WEAVER is transferring and/or receiving funds on behalf INDUSTRIAL CARRIERS to fulfill INDUSTRIAL CARRIERS' seemingly "independent" contractual obligations.

26. As to ITRO, commercial channels indicate that INDUSTRIAL CARRIERS has and/or is conducting business in the name of ITRO.

27. At all material times, defendants INDUSTRIAL CARRIERS has dominated, controlled and/or used the defendants WEAVER and ITRO for its own purposes such that there is no meaningful difference between the several entities, or vice versa.

28. As such, there are reasonable grounds to conclude that the defendants WEAVER and ITRO are the alter egos of defendant INDUSTRIAL CARRIERS and, therefore, plaintiff ADM has a valid prima facie *in personam* claim against defendants WEAVER and ITRO based upon alter ego liability.

29. The defendant INDUSTRIAL CARRIERS utilizes the defendants WEAVER and ITRO to transfer funds through, to and from the Southern District of New York on its behalf or vice versa.

## AWARDABLE INTEREST, FEES, AND COSTS

30. As previously indicated above, the maritime contract provides that any disputes arising under the maritime contracts are subject to resolution under English Law and determination by a London arbitration panel, none of which is deemed waived.

31.     Furthermore, the award of interest, fees and costs is allowed under applicable foreign law and is regularly awarded in maritime matters such as the subject dispute. The estimated allowable interest, fees and costs for the arbitration of ADM's claim against the Defendant is approximately US $400,000.00.

## PRAYER FOR RELIEF

32.     Notwithstanding the fact that the liability of the defendants is subject to a determination by a London arbitration panel, there are now, or will be during the pendency of this action, certain assets, accounts, freights, hire payments, monies, charter hire, credits, effects, CHIPS credits, electronic fund transfers, payments for bunkers, goods or services, bills of lading, cargo, debts and the like belonging to or claimed by the defendants within this District and held by various parties, as garnishees.

33.     Plaintiff believes that some of these assets, in bank accounts and/or as funds being transferred through intermediary banks, are located in this District in the possession of garnishees, including ABN AMRO Bank, American Express Bank, Ltd., Bank of America, Bank of China, Bank of New York Mellon, Barclays Bank, Citibank NA, Deutsche Bank, HSBC Bank, JP Morgan Chase Bank, Standard Chartered Bank, UBS AG, Wachovia Bank, CHIPS, and possibly other banks or financial institutions located in New York.

34.     As set forth in the accompanying declaration of Andrew J. Warner, the Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

35.     Because this Verified Complaint sets forth an *in personam* maritime claim against the Defendant and because the Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the

Federal Rules of Civil Procedure, the requirements for a Rule B attachment and garnishment are met and Plaintiff seeks the issuance of process of maritime attachment so that it may obtain security for its claims against the defendants and/or *quasi in rem* jurisdiction over the property of the defendants so that an eventual judgment and/or award can be satisfied.

36.     In addition to an attachment in the full amount of the claim as set forth above, Plaintiff also seeks an attachment over an additional sum to cover awardable attorneys' fees and costs which are recoverable pursuant to English law in a London arbitration.

WHEREFORE, Plaintiff prays as follows:

A.     That the defendants be summoned to appear and answer this Verified Complaint;

B.     That the defendants not being found within this District, as set forth in the Declaration of Andrew J. Warner, then all of its assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to or claimed by the defendants within this District up to the amount sued for herein be attached pursuant to Supplemental Rule B and to pay Plaintiff's damages;

C.     That this Court retain jurisdiction over this matter through the entry of a judgment either by this Court, and/or a London arbitration panel, so that judgment may be entered in favor of Plaintiff for the amount of its claim with costs, i.e. US $1,326,051.20, and that a judgment of condemnation and sale be entered against the property arrested and attached herein in the amount of Plaintiff's claim, plus costs to be paid out of the proceeds thereof; and

D.     That Plaintiff has such other and further relief as the Court may determine to be just and proper under the circumstances.

Dated: Port Washington, New York
October 6, 2008

                                                CHALOS, O'CONNOR & DUFFY, LLP
                                                Attorneys for Plaintiff

By: _____
                                                Eugene J. O'Connor (EO-9925)
                                                Timothy Semenoro (TS-6847)
                                                Andrew J. Warner (AW-5534)
                                                366 Main Street
                                                Port Washington, New York 11050
                                                Tel:  (516) 767-3600 / Fax:  (516) 767-3605

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600 / Fax: (516) 767-3605
Eugene J. O'Connor (EO-9925)
Timothy Semenoro (TS-6847)
Andrew J. Warner (AW-5534)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ADM SHIPPING CO.,

                      Plaintiff,

                      08 CV _____

       v.

INDUSTRIAL CARRIERS, INC.,
WEAVER INVESTMENTS INC., and
ITRO CORPORATION,

**VERIFICATION OF COMPLAINT**

                      Defendant.
------------------------------------------------------------X

      Pursuant to 28 U.S.C. § 1746, ANDREW J. WARNER, Esq., declares under the penalty of perjury:

      1.    I am associated with the law firm of Chalos, O'Connor & Duffy, attorneys for the Plaintiff ADM SHIPPING CO. herein;

      2.    I have read the foregoing complaint and knows the contents thereof; and

      3.    I believe the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its underwriters and attorneys. The reason that this verification was made by deponent and not by the Plaintiff is because Plaintiff is a foreign corporation, whose officers are not in this district, and whose verification cannot be obtained within the time constraints presented by the circumstances of this case.

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600 / Fax: (516) 767-3605
Eugene J. O'Connor (EO-9925)
Timothy Semenoro (TS-6847)
Andrew J. Warner (AW-5534)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ADM SHIPPING CO.,

            Plaintiff,

       v.

INDUSTRIAL CARRIERS, INC.,
WEAVER INVESTMENTS INC., and
ITRO CORPORATION,

            Defendant.
------------------------------------------------------------X

08 CV _____

**VERIFICATION OF COMPLAINT**

      Pursuant to 28 U.S.C. § 1746, ANDREW J. WARNER, Esq., declares under the penalty of perjury:

      1.    I am associated with the law firm of Chalos, O'Connor & Duffy, attorneys for the Plaintiff ADM SHIPPING CO. herein;

      2.    I have read the foregoing complaint and knows the contents thereof; and

      3.    I believe the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its underwriters and attorneys. The reason that this verification was made by deponent and not by the Plaintiff is because Plaintiff is a foreign corporation, whose officers are not in this district, and whose verification cannot be obtained within the time constraints presented by the circumstances of this case.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: Port Washington, New York
October 6, 2008

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff

By: _____
Andrew J. Warner (AW-5534)
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600 / Fax: (516) 767-3605

2